UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 12-37545** |
| | ) | |
| **AMERISCIENCES, L.P.** | ) | **Judge David R. Jones** |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |

## *PARTIAL* TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Pioneer Funding Group III, LLC | Edward Ortelli |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Court Claim #:  48
Amount of Claim:  $90,000.00
(50% undivided interest)
Date Claim Filed:  03/21/2013

Pioneer Funding Group III, LLC
Greeley Square Station
P.O. Box 20188
New York, NY 10001

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Adam D. Stein-Sapir                Date:    04/27/2020
      Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM AGREEMENT

| Seller: | Buyer: | |
|---|---|---|
| Edward Ortelli | Pioneer Funding Group, LLC | Claim Numbers: 47, 48 |
| 31 Skipjack Court | Greeley Square Station, Box 20188 | Purchase Price: $ |
| St. Augustine, FL 32092 | New York, NY 10001 | |

Assignment of Claim. Edward Ortelli ("Seller"), for good and valuable consideration in the sum of $          the "Purchase Price"), does hereby absolutely and unconditionally sell, assign and transfer to Pioneer Funding Group, LLC ("Buyer", and together with Seller, the "Parties"), all of Seller's rights, title, interests, claims and causes of action in and to Claim Numbers 47 and 48 (together the "Claim") against AmeriSciences, L.P. (the "Debtor"), Debtor in Chapter 7 liquidation proceedings in the U.S. Bankruptcy Court for the Southern District of Texas (the "Court"), Case No. 12-37545 (the "Proceedings"); and includes (i) the Claim and all other documents evidencing or relating to the Claim; (ii) all of Seller's right to receive principal, interest, fees, expenses, damages, and other amounts; (iii) any actions, claims or rights against the Debtor, its affiliates, any guarantor or other third party; and (iv) all cash, instruments, proceeds and other property issued in respect of, or exchanged in return for, any of the foregoing. The Claim is based on amounts owed to Seller by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Representations; Warranties and Covenants. Seller represents and warrants that (a) this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (b) this Agreement constitutes the valid, legal and binding agreement of Seller; (c) Seller has not previously sold, assigned, transferred or pledged the Claim to any third party; (d) Seller is the sole owner and has good title to the Claim; and (e) no payment or distribution has been received by Seller or on behalf of Seller in full or partial satisfaction to the Claim. The Parties agree that the representations, warranties and covenants shall survive the closing. The Parties are aware that the Purchase Price received herein may differ both in kind and amount from any distributions ultimately made pursuant to any plan of liquidation confirmed by the Court.

Further Cooperation. Seller agrees to take such further action as may be necessary to effect the transfer of the Claim and to direct any payments or distributions to Buyer, including execution of voting ballots, transfer powers and consents at Buyer's sole discretion. In the event Seller receives any payments or distributions with respect to the Claim after the date hereof, Seller agrees to promptly deliver same to Buyer in the same form received, together with any endorsements or documents necessary to transfer such property to Buyer.

Limited Power of Attorney. Seller hereby irrevocably appoints Buyer as its true and lawful attorney with respect to actions relating to the Claim and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such amounts which now are, or may hereafter become due and payable for, or on account of the Claim. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement.

Governing Law, Personal Jurisdiction and Service of Process. This Agreement shall be construed and the obligations of the Parties hereunder shall be determined in accordance with the laws of the State of New York without reference to any conflicts of law provisions. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Each party hereto irrevocably and unconditionally waives its right to trial by jury and consents to the jurisdiction of the courts located in the State of New York in any action to enforce, interpret or construe any provision of this Agreement.

Consent and Waiver. Seller authorizes Buyer to file an evidence of transfer pursuant to Rule 3001 with the Court as evidence of the assignment of Claim. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives (a) its right to raise any objections hereto and (b) its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

Miscellaneous. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement. This Agreement (a) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the Parties; (b) constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof; and (c) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. This Agreement may be executed in counterparts each of which shall be deemed an original and all of which taken together shall be deemed to constitute a single agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Buyer and (b) the Agreement is executed by a proper representative of Buyer.

IN WITNESS WHEREOF, this Assignment of Claim Agreement is executed on the 29th day of January, 2020.

**Edward Ortelli ("Seller")**

By _Edward Ortelli_
Signature

EDWARD ORTELLI
Print Name

**Pioneer Funding Group, LLC ("Buyer")**

_[signature]_
Signature

Adam D. Stein-Sapir – Managing Member
Print Name and Title